## CITY BANK FARMERS TRUST CO. v. THIRTY–ONE WEST SEVENTY–SECOND STREET CORPORATION.

### No. 195.

Circuit Court of Appeals, Second Circuit.

Feb. 7, 1938.

James B. M. McNally, of New York City, for appellant.

Shaine & Weinrib, of New York City (Maurice L. Shaine and Jack Gross, both of New York City, of counsel), for appellee.

Thomas Cradock Hughes and Emanuel Celler, both of New York City (Thomas Cradock Hughes and Irving Rozen, both of New York City, of counsel), for Trustees of Prudence Co., Inc.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

This case arises upon a claim of the City Bank Farmers Trust Company against a fund of $15,090 in the hands of the Central Hanover Bank & Trust Company, as trustee of a mortgage, two certificates of participation in which the claimant owns. The facts are as follows: On July 15, 1931, the debtor executed an agreement with the Prudence-Bonds Corporation, which we shall speak of as a mortgage upon its real property in the sum of $1,457,250, although it merely consolidated a number of earlier mortgages upon the same property held by the same mortgagee. By way of amortization installments of the principal the debtor agreed to pay $14,500 on the 1st of October, 1931, and every six months thereafter until April 1, 1936, when the balance of the principal became due. The mortgagee gave a junior participation interest of $57,250 in this mortgage to another company, and assigned the remainder—$1,400,000—to the Central Hanover Bank & Trust Company, as trustee for a proposed issue of participation certificates. Article XXIII of the trust deed declared that "any installment paid by the mortgagor * * * in reduction of the principal * * * shall be held as a sinking fund, and at the option of the Corporation" (the mortgagee), "when and as often as the moneys in said sinking fund amount to a sum sufficient to redeem such certificate or certificates as the Corporation may elect to redeem, such moneys shall be applied to the payment and retirement pursuant to the terms hereof and of said certificates, of one or more certificates selected by lot by the Corporation." The mortgagee issued certificates aggregating $1,400,000 to the Prudence Company, Inc., which sold them to the public with its own guarantee and that of the mortgagee; but, although the specimen certificate annexed to the trust deed had provided that all certificates should be due on April 1, 1936, some of those issued were made payable when the debtor should pay each installment and in an aggregate amount equal to that installment. Until April 1, 1933, in accordance with an agreement to that effect, the installments were used to pay the junior interest of $57,250; but on that day $750 was left over of the $14,500 then paid; and thereafter all the installments went into the sinking fund. One of the participation

586

certificates held by the claimant is for $509, payable April 1, 1933; the other is for $8,600, payable October 1, 1933. On December 19, 1933, the mortgagee, which then had in its hands $15,090 remaining out of the two installments of that year, paid that sum over to the trustee, "as additional collateral for certificates outstanding"; but the trustee, being apparently confused by this, on February 5th wrote, asking whether the mortgagee meant to elect to use the fund to redeem those certificates which became due on October 1, 1933. The mortgagee answered on the 8th that it did not wish to exercise its option; but on June 19, 1934, it changed its mind and directed the trustee to pay all certificates maturing in 1933. Nothing further was done, and on August 3, 1936, the debtor filed a petition for reorganization. On July 13, 1937, the court directed any persons, who had claims against the fund of $15,090 left in the trustee's hands, to file them, and the City Bank Farmers Trust Company filed the two in suit on August 2, 1937.

■■■ The claim is based upon the notion that when the Prudence Company, Inc., with the connivance and indeed at the procurement of the mortgagee, whose creature it was, sold any certificates, made payable at the dates when the debtor was to pay an amortization installment, the buyers of those certificates became the direct beneficiaries of that installment to the exclusion of other holders; and that the fund now in court should therefore be appropriated to those certificates which fell due in 1933. This conclusion is thought to be strengthened by the fact that the Prudence Company, Inc., sold the certificates by means of a prospectus, which declared that the "borrowers" would "reduce this mortgage" by making payments in amounts and at times specified, and concluded: "we offer certificates falling due on the above dates." It does not appear that all the certificate holders saw this prospectus, especially the words just quoted; but we may assume that the buyers of the certificates payable in 1933 did, and that, had the trust deed subject to whose terms all the certificates were taken contained such a clause, the installments of 1933 would have been security for their certificates and for them alone. Equitable Trust Co. v. Green Star S. S. Corp., D.C., 291 F. 650, affirmed 2 Cir., 297 F. 1008. The trust deed did not, however, permit the issue of any such certificates; all were to be payable on April 1, 1936, and the mortgagee reserved no further power than to use sinking fund accumulations to pay certificates drawn by lot. Every holder of a certificate had, therefore, the right to his chance at such redemption should the mortgagee decide to redeem; for, although the mortgagee might redeem "such certificate or certificates" as the accumulation would cover, that referred only to the amount; it did not delete the provision for a selection by lot, and it gave no power of selection at will, or by agreement in advance. It was, therefore, of no moment whether the election of the mortgagee on February 8, 1934, was final, or whether it might retract in June; at no time did it propose to exercise the only option which it reserved; the installments remained part of the sinking fund unless the option was exercised. Nor could the trust deed be changed by the prospectus under which the certificates were sold. Quite aside from the absence of any evidence that the other holders ever read the language now relied upon, their certificates recited that they were subject to the deed, and, as buyers, they were entitled to rely upon that assurance, regardless of what the sellers might put into their advertisements. It is not necessary to consider what recourse, if any, the claimant may have against the mortgagee, or the Prudence Company, Inc., upon the prospectus; or against the trustee for certifying certificates contrary to the terms of the deed.

Order affirmed.